**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYLER L. DELANOY, | No. 14-35953 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-06069-RBL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 24, 2017**

Before:  NELSON, TROTT and SILVERMAN, Circuit Judges.

Tyler Delanoy appeals the district court's decision affirming the

Commissioner of Social Security's denial of Delanoy's application for social

security disability insurance benefits and supplemental security income under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Commissioner's determination at Step Two in the sequential evaluation process is supported by substantial evidence. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ properly relied on the absence of record medical evidence sufficient to support a determination that Delanoy's migraines did not cause more than minimal limitation in Delanoy's ability to perform basic work activities. *Id.*

The ALJ gave the following specific and legitimate reasons for assigning only "little weight" to Dr. Lush's April 2012 opinion regarding Delanoy's functional limitations: (1) Dr. Lush did not sufficiently explain his conclusions or specifically what he is relying on or whether he reviewed the records that were provided to him by Delanoy's representative; (2) Dr. Lush relied too heavily on Delanoy's subjective complaints; and (3) Dr. Lush's opinion that Delanoy cannot work were contradicted by the opinions of Dr. Heilbrunn and state agency consultants Dr. Stevick and Dr. Bernandez-Fu. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (holding that the ALJ must make findings setting forth specific and legitimate reasons for doing so that are supported by substantial evidence in order to reject the contradicted opinion of a treating physician).

14-35953

The ALJ's reasoned decision in this case is thorough, complete, and well-explained. He followed the correct legal standard by identifying sufficiently specific, clear and convincing reasons that are supported by substantial evidence in the case record for discounting Delanoy's credibility regarding the debilitating effects of his symptoms: (1) there was a lack of supporting objective medical evidence for Delanoy's subjective complaints; (2) there were inconsistencies between Delanoy's subjective complaints and his activities of daily living; and (3) Delanoy made inconsistent statements about his abilities. *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015) (holding that ALJ must support his reasoning in rejecting subjective testimony with sufficient specificity so that the reviewing court can conduct a meaningful review). For example, the ALJ cited Delanoy's testimony that he could (1) sit for only 20 minutes, (2) stand for only 20 minutes, and (3) that he became easily fatigued as inconsistent with his prior statements that he spent "most of the day" on the computer and would play interactive video games for four hours straight. The ALJ also found that Delanoy made inconsistent statements about his abilities. Delanoy testified that he could drive for only about three miles at the most. However, the record indicated that he drove 24.8 miles from Raymond to Aberdeen to visit his 10-year old daughter whom he took care of every other weekend and enjoyed taking her to the park.

14-35953

The ALJ gave germane reasons for only assigning "some weight" to the testimony of Delanoy's mother because her testimony was inconsistent with the overall record and Delanoy's own claims. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

**AFFIRMED.**